UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTUMN STOCCO, et al.,

    Plaintiffs,

v.

LOGAN FRANCISCO, et al.,

    Defendants.

Case No. 24-cv-13157

Honorable Robert J. White

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

    Autumn Stocco commenced this 42 U.S.C. § 1983 action, on behalf of herself and her two minor children, against two Monroe County deputy sheriffs and a private attorney. Before the Court is her *pro se* application to proceed *in forma pauperis*. (ECF No. 2). For the following reasons, the Court will (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

    *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

    (i) is frivolous or malicious;

>(ii) fails to state a claim on which relief may be granted; or
>(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Stocco alleges that two Monroe County deputy sheriffs – Drew McLaughlin and James Yuchuck – falsified a police report after responding to the scene of a physical altercation involving her daughter, her son, and a third individual – Marcelle Newsome.  According to Stocco, the deputies listed her son as the "offender" and Newsome as the "victim" when the opposite is, in fact, true. (ECF No. 1, PageID.4-5).  She claims that the false police report infringed on her rights to due process, "a fair public trial," and "to be heard in her children's defense," in violation of the Fifth, Sixth, and Fourteenth Amendments. (*Id.*, PageID.3).

2

But the complaint's allegations are flawed in one central respect: "the preparation or filing of a police report that is false, misleading, or incomplete, without more, does not create a right of action for damages under Section 1983." *Lieber v. Spira*, No. 23-6932, 2023 U.S. Dist. LEXIS 203903, at *6 (S.D.N.Y. Nov. 7, 2023). The "the filing of a false police report is not itself a constitutional violation, even when the report is the result of an intentional conspiracy among police officers to cover up police misconduct." *Jarrett v. Twp. of Bensalem*, No. 07-1480, 2008 U.S. Dist. LEXIS 23984, at *10 (E.D. Pa. Mar. 26, 2008); *see also Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 824 (W.D. Mich. 1999) (holding that a conspiracy to falsify police reports "is not, of itself, a violation of a plaintiff's civil rights."); *White v. Tamlyn*, 961 F. Supp. 1047, 1056 (E.D. Mich. 1997) (holding that "the filing of such [false] reports alone does not itself deprive a person of a constitutional right under the Fourteenth Amendment.").

The preparation or filing of a false police report amounts to a federal constitutional violation only where "the falsified reports lead to an unconstitutional deprivation of life, liberty or property" or some other form of concrete, redressable constitutional injury. *White*, 961 F. Supp. at 1056; *see also* U.S. Const. art. III, § 2.

Aside from listing federal constitutional rights and amendments (some genuine, some imagined),[1] Stocco does not plausibly demonstrate "how the alleged erroneous writing and filing of [the police report] deprived her of her life, liberty or property, and thus fails to identify any federal rights in jeopardy." *White*, 961 F. Supp. at 1056; *see also Jarrett*, 2008 U.S. Dist. LEXIS 23984, at *13 (awarding summary judgment to the defendant where the plaintiffs "fail[ed] to actually plead any presently existing constitutional deprivation" resulting from the alleged false police report).  And because "[t]he existence of [the police report] does not in and of itself violate any of her constitutional rights," Stocco's "section 1983 claim premised upon such an allegation is unavailing." *White*, 961 F. Supp. at 1056; *see also Landrigan v. Warwick*, 628 F.2d 736, 744 (1st Cir. 1980) ("we do not see how the

---

[1] Stocco blanketed the civil action cover sheet with a litany of federal criminal statutes as well. (ECF No. 1, PageID.7).  Section 1983, however, "does not authorize a private citizen to pursue alleged violations of federal criminal law unless the criminal statute at issue provides for a private right of action." *Meier v. Wyndham Hotels & Resorts, Inc.*, No. 23-1101, 2023 U.S. App. LEXIS 19595, at *6-7 (6th Cir. Jul. 28, 2023); *see also Blessing v. Freestone*, 520 U.S. 329, 340 (1997).  None of the criminal statutes Stocco enumerated in the civil action cover sheet authorize a private right of action. *See, e.g., Reaves v. Dickens*, No. 22-0639, 2022 U.S. Dist. LEXIS 69112, at *4-5 (D.S.C. Apr. 14, 2022) (no private right of action for violating 18 U.S.C. §§ 371, 1001); *Purbeck v. Wilkinson*, No. 21-00047, 2021 U.S. Dist. LEXIS 186124, at *25 (D. Idaho Sep. 27, 2021) (no private right of action for violating 18 U.S.C. § 1519); *Nicole Energy Servs. v. McClatchey*, No. 08-0463, 2010 U.S. Dist. LEXIS 6025, at *12 (S.D. Ohio Jan. 4, 2010) (no private right of action for violating 18 U.S.C. §§ 1001, 1621).

existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws.").

That leaves attorney Logan Francisco. All Stocco says about him is that "I want Logan Francisco to compensate [*sic*] for his negligent infliction of emotional distress for violating my 14th amendment due process to a fair and equal trial." (ECF No. 1, PageID.5). But without asserting a plausible factual basis explaining how Francisco injured Stocco and her children, the claims against him cannot proceed further. *See Rohrig v. United States Navy*, No. 19-3637, 2020 U.S. App. LEXIS 4245, at *3 (6th Cir. Feb. 11, 2020) (affirming *pro se* dismissal where "[t]he complaint simply asserted that the Navy unlawfully harmed Rohrig without any facts to support his bare assertion."); Fed. R. Civ. P. 8(a). Accordingly,

IT IS ORDERED Stocco's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed.

IT IS FURTHER ORDERED that Stocco may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: January 28, 2025

s/Robert J. White  
Robert J. White  
United States District Judge